Gregory L. GARNER and Patricia Garner, Appellants,

v.

Elmer TODD, Respondent.

No. C4–84–723.

Court of Appeals of Minnesota.

Jan. 29, 1985.

John F. Bonner, Jr., Minneapolis, for appellants.

William J. Baudler, Austin, for respondent.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

This appeal arises from a directed verdict entered in a personal injury action on behalf of the defendant Elmer Todd. Appellants argue that the presence of disputed facts prevents the application of a directed verdict.

We affirm.

## FACTS

Appellant Gregory Garner was employed as an operator of a tractor-trailer unit by Wayne Schmidt. Schmidt was involved in the sale of farm implements. As part of his business, Schmidt used the tractor-trailer to haul implements. Pursuant to a written agreement, Schmidt leased the tractor-trailer from respondent Elmer Todd, the title holder and owner, and Schmidt's father-in-law.

After obtaining the tractor-trailer unit from respondent Todd, Schmidt modified the trailer portion to accommodate bigger loads. In June or July of 1979, Schmidt added a "top deck" to the trailer. Todd took no part in the alteration. On July 21, 1980, on a long distance trip, appellant Gar-ner noticed that the top sideboard on the upper deck had come loose. He stopped in Austin, Minnesota, climbed to the top deck and attempted to reposition sideboards. He fell from the upper deck to the ground and suffered injuries.

Appellant brought an action against Todd, the owner of the tractor-trailer, for damages arising from injuries sustained in the fall from the trailer (worker's compensation was not in issue). At a jury trial and after evidence from both parties had been submitted, the trial court directed a verdict in favor of respondent Todd.

## ISSUE

Did the court properly direct a verdict for defendant in the negligence action?

## ANALYSIS

A directed verdict is appropriate only in exceptional cases.

A motion for a directed verdict presents a question of law regarding the sufficiency of the evidence to raise a fact question for the jury's decision. For purposes of the motion, the trial court must consider the record as a whole and treat as credible the evidence for the adverse party and all inferences which may reasonably be drawn from that evidence. The trial court should grant the motion only when it would clearly be its duty to set aside a contrary verdict as manifestly against the evidence or when such a verdict would not comply with the applicable law.

*Midland National Bank, etc. v. Perrano-ski,* 299 N.W.2d 404, 409 (Minn.1980).

In reviewing the trial court's order for a directed verdict, this court must make an independent judgment about the appropriateness of the directed verdict. *Walton v. Jones,* 286 N.W.2d 710, 714 (Minn.1979). We accept as true all evidence favorable to the party adverse to the motion, in this case appellants, and all reasonable inferences that can be drawn from the evidence. *Chemlease Worldwide Inc. v. Brace, Inc.,* 338 N.W.2d 428 (Minn.1983).

We may affirm a directed verdict only where, in light of the evidence as a whole, it would be the duty of the trial court to set aside a contrary verdict as being manifestly against the entire evidence or where it would be contrary to the law applicable to the case. *Reinhardt v. Colton,* 337 N.W.2d 88 (Minn.1983).

Even accepting appellant's claim that he sustained injuries as a result of a fall caused by the negligent alterations made to the trailer owned by Todd, and accepting appellant's version of the facts, we affirm the trial court.

Appellants argue that, as owner of the tractor-trailer, Todd owed a duty of care to Garner. The lease agreement between respondent Todd and Schmidt provides that Todd would retain title to the equipment, that any accessories, parts or replacements made to the equipment would become Todd's property, that no material alterations to the property could be made without Todd's consent, and that Todd would retain the right to inspect and remove the equipment.

■ Appellant argues that these contract provisions impose a duty on Todd to ensure that the equipment was safe and this duty protects him as third party beneficiary. As there is no evidence that the contract promises were made to benefit appellant or anyone else in his position, however, appellant cannot prevail as third party beneficiary. *Buchman Plumbing Co., Inc. v. Regents of the University of Minnesota,* 298 Minn. 328, 215 N.W.2d 479 (1974).

■ There is no support for appellants' further argument that Todd owed a duty of care under the principles of common law negligence. There is no theory raising a duty of care on Todd's behalf. It is undisputed that the lease arrangement was merely for the purpose of creating a security interest in the equipment. Although respondent had been on Schmidt's property an undetermined number of times after the execution of the lease, there was no evidence that he inspected, repaired, or even saw the trailer before or after the alterations were made to it.

There is no evidence that Todd was in privity of contract with Garner, that he assumed a duty to keep the equipment in repair, that he furnished the equipment in defective or unsafe condition, or that he contributed to or acquiesced in Schmidt's modification. As such, he owed no duty to third party Garner. *See, generally,* 8 Am. Jur.2d p. 1010, 1012, § 278.

## DECISION

Under the circumstances of this case, the trial court was correct in directing a verdict for respondent Todd. Appellant failed to present evidence to support his theory of a duty of care on the part of Todd to the benefit of appellant.

Affirmed.